UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**PRISON LEGAL NEWS, a
not-for-profit, Washington
Charitable Corporation**

      Plaintiff,

**v.**                                     **CASE NO. 3:04-CV-14-16-JHM-TEM**

**JAMES V. CROSBY, et al.,**

      Defendants.

_____/

# O R D E R

Before the Court is Defendants' Motion to Tax Costs (Dkt. 89), to which Plaintiff filed an Objection (Dkt. 90). Defendants subsequently filed an Amended Motion to Tax Costs (Dkt. 91) and Plaintiff filed a Motion to Strike Defendants' Amended Motion to Tax Costs and, Alternatively, an Objection to Defendants' Amended Motion to Tax Costs (Dkts. 93, 95). Defendants then filed a Memorandum of Law in Opposition to Plaintiff's Motion to Strike Defendants' Amended Motion to Tax Costs and, Alternatively, Plaintiff's Objection to Defendants' Amended Motion to Tax Costs (Dkt. 98) as well as a Motion to Accept Defendants' "Amended Motion to Tax Costs" as if Timely Filed (Dkt. 99).

**I.**    **Factual Background**

On July 28, 2005, the Court entered a post trial judgment in favor of Defendants (Dkt. 88). On August 11, 2005, Defendants filed a Motion to Tax Costs (Dkt. 89) and attached as an exhibit a Bill of Costs containing various invoices. Defendants assert as the prevailing parties that they are entitled to recover costs against Plaintiff pursuant to Rule 54(d)(1), Federal Rules of Civil Procedure and under Local Rule 4.18(a), United States District Court Middle District of Florida ("Local Rule"). Defendants initially

were seeking to recover costs in the amount of $10,592.27. This total is comprised of $1,458.60 for the court reporter's transcription fee, $2,050.37 in costs incident to taking depositions and $7,083.30 in expert fees (Dkt. 91, Bill of Costs). However, Defendants' Memorandum in Opposition (Dkt. 98) acknowledges the requested expert fees should be reduced from $7,083.30 to $120.00. This in turn reduces the total costs Defendants seek to tax from $10,592.27 to $3,628.97.

However, despite Defendants timely filing of the Motion to Tax Costs (Dkt. 89), the Clerk failed to enter a Bill of Costs taxed against Plaintiff. Instead, on August 19, 2005, Plaintiff filed an Objection to Defendants' Motion to Tax Costs ("Objection") (Dkt. 90), contending that Defendants failed to meet their burden under Rule 54, Federal Rules of Civil Procedure, as the submitted Bill of Costs and accompanying invoices were "devoid of any explanation of why the costs were necessary and reasonable for their use in the case before this Court." (Dkt. 90 at 2). See NAACP v. Florida Depart. Of Corrections, 2005 U.S. Dist. LEXIS 16943, at *7-8 (M.D. Fla. 2005).[1]

Shortly thereafter, Defendants filed an Amended Motion to Tax Costs ("Amended Motion")(Dkt. 91) and attached an affidavit of defense counsel which further detailed the expenses contained in the Bill of Costs. In response, Plaintiff filed a Motion to Strike Defendants' Amended Motion and alternatively an Objection to the Amended Motion (Dkts. 93, 95). Plaintiff raised several arguments including the fact that pursuant to Local Rule 3.01 *et seq.,* a party is not permitted to file "replies" to motions in opposition. In other words, Plaintiff argues that while Defendants filed a document entitled an Amended Motion to Tax Costs (Dkt. 91), for all practical purposes it only differs from Defendants' Motion to Tax Costs (Dkt. 89)

---

[1] Plaintiff also objects to the requested $7,083.30 in expert fees contending that is "exponentially" more than the $40.00 per day fee authorized by 28 U.S.C. § 1920. See also 28 U.S.C. § 1821(b)(permitting the taxing of expert witness at $40.00 per day); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-445 (1987). This objection has since been rendered moot as the amount of expert fees Defendants were seeking has been reduced.

in that it contains an affidavit explaining the expenses. Plaintiff argues the basis of its initial objection to Defendants' Motion to Tax Costs (Dkt. 90) is Defendants failure to provide such an explanation. Plaintiff therefore contends Defendants' Amended Motion (Dkt. 91) is in effect a responsive pleading to Plaintiff's Objection (Dkt. 90) and should be stricken.

Plaintiff alternatively contends that Defendants' Amended Motion should be stricken as untimely as Local Rule 4.18(a) requires that applications for costs or attorney's fees "be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment." Plaintiff argues the Amended Motion (Dkt. 91) was filed on August 24, 2005, which is significantly later than the required fourteen days following the entry of judgment on July 28, 2005. Plaintiff asserts because Defendants did not seek an extension of time after Plaintiff filed its Objection (Dkt. 90), Defendants' Amended Motion (Dkt. 91) is untimely and should be stricken.

Furthermore, the alleged deficiencies raised by Plaintiff in its initial Objection (Dkt. 90) are elaborated upon in Plaintiff's response (Dkt. 93) to Defendants' Amended Motion (Dkt. 91). Plaintiff again contends the Amended Motion (Dkt. 91) failed to demonstrate why the costs were necessarily obtained for use in this case. Plaintiff also argues Defendants attempt to meet their burden by submitting invoices and through attaching an affidavit is insufficient. Plaintiff therefore asserts that Defendants should not be awarded costs.

**II.     Discussion**

**A.     Procedural Background**

Rule 54(d)(1), Federal Rules of Civil Procedure, states "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Courts therefore possess discretion in awarding costs, although a presumption exists in favor of the prevailing party receiving such

costs. Arcadian Fertilizer, L.P. v. MPW Indus. Servs., 249 F.3d 1293, 1296 (11th Cir. 2001); Royal Surplus Lines Ins. Co. v. Coachmen Indus. Inc., 2005 WL 1668530, at *3 (M.D. Fla. 2005). Costs that may be taxed are specified in 28 U.S.C. § 1920.[2] The standard procedure usually involves the clerk taxing the costs, after which the taxed party may move the court to review the clerk's entry. See BDT Prods. v. Lexmark Int'l Inc., 405 F.3d 415, 417 (6th Cir. 2005). The motion by the taxed party for review must be served within five days after the entry of the clerk's taxation. Fed. R. Civ. P. 54(d)(1).

    **B.     Failure of Clerk to Enter Bill of Costs**

Defendants' original Motion to Tax Costs (Dkt. 89) was filed on August 11, 2005 and was within fourteen days following the entry of judgment as required by Local Rule 4.18(a).[3] However, as the Court previously noted, the Clerk failed to enter a Bill of Costs against Plaintiff and Plaintiff proceeded to file an Objection (Dkt. 90). The resulting situation is such that the Court is required to enter a taxation of costs against Plaintiff. The authority for such action has been previously examined and determined to exist. Indeed, the language in Rule 54(d)(1), "may be taxed by the clerk," has been found to be permissive rather than mandatory. BDT Products, Inc., 405 F.3d at 417 ("the district court has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk based on permissive language

---

[2] 28 U.S.C. § 1920 provides:
    A judge or clerk of any court of the Untied States may tax as costs the following:
    (1) Fees of the clerk and marshal;
    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

[3] Judgment was entered on July 28, 2005.

of Rule 54, the language of [28 U.S.C.] § 1920, and the fact that any decision by the clerk would have been subject to *de novo* review by the district court.") Id. at 418-19 (citing Nelson v. Darragh Co., 120 F.R.D. 517, 518 (W.D. Ark. 1988); Deering, Milliken & Co. v. Temp-Resisto Corp., 169 F. Supp. 453, 456 (S.D.N.Y. 1959)). The Court therefore finds, in this instance, that it has the authority to enter a Bill of Costs.[4]

### C.    Plaintiff's Objections

Plaintiff's initial contention that Defendants' Amended Motion (Dkt. 91) is in effect a responsive pleading that should be stricken is a contention without merit. Defendants' Motion to Tax (Dkt. 89) contained receipts and invoices listing the individuals deposed and the costs of the transcripts. While it is accurate that the accompanying affidavit in Defendants' Amended Motion (Dkt. 91) provided further clarification as to these costs, the Court does not find the attachment of an affidavit to result in an amended motion morphing into a responsive pleading.

The Court also disagrees with Plaintiff's argument that Defendants' Amended Motion (Dkt. 91) should be stricken for being untimely under Local Rule 4.18(a). The Motion to Tax Costs (Dkt. 89) and attached Bill of Costs filed by Defendants on August 11, 2005 was timely.[5] The Amended Motion (Dkt. 91) filed on August 24, 2005, did not provide a re-calculation of the requested costs as all the costs were identical to the ones listed in the initial motion to tax (Dkt. 89). Rather, the attached affidavit only provided a more detailed description of these costs.[6]

---

[4] Of import in this case is that Plaintiff filed objections (Dkt. 90, 93) that have been considered by the Court.

[5] The Court notes that on September 13, 2005, Defendants filed a Motion to Accept Defendants' "Amended Motion to Tax Costs" as if Timely Filed (Dkt. 99).

[6] Even in the event that the Amended Motion (Dkt. 90) should be stricken, the Court would still review the Motion to Tax Costs (Dkt. 89) as being a timely motion.

As the Court previously provided, Plaintiff also argues that the Defendants failed to demonstrate how the sought after costs were necessary and reasonable for use in the case as the attached invoices and affidavit fail to provide such an explanation. See NAACP v. Florida Dept. of Corrections, 2005 U.S. Dist. LEXIS 16943, at *7-8 (M.D. Fla. 2005)(noting that to recover costs for trial transcripts, the party seeking recovery "must show that the transcripts were reasonably necessary for use in the case. Similarly, to recover costs paid for deposition transcripts, the party must show that they were reasonably necessary and not simply 'incurred for convenience, to aid in thorough preparation, or for purposes of investigation only.'")(quoting EEOC v. W&O, Inc., 213 F.3d 620-623 (11th Cir. 2000)). Conversely, Defendants respond that the requested $2,050.37 for deposition costs is for witnesses listed by either Plaintiff or Defendants, or both, in their final submitted witness list. Defendants also assert that the $1,458.60 for the court reporter's transcription fee is reasonable and necessary as this Court asked for written final arguments in the form of revised proposed findings of fact and conclusions of law. Defendants argue Eleventh Circuit case law supports the taxation of these costs. See W & O, Inc., 213 F.3d at 620 ("Taxation of deposition costs is authorized by [ 28 U.S.C.] § 1920(2)."); Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1224-25 (11th Cir. 2002).

In reviewing the submitted documentation, the Court finds Defendants did meet their burden as to the $1,458.60 for the court reporter transcription fee and for the $2,050.37 related to taking depositions. Defendants properly note that the $1,458.60 for the court reporter transcription fee was obtained for use in Defendants revised proposed findings of fact and conclusions of law. The Court does not deem this cost to be unnecessary or unreasonable. Moreover, as to the $2,050.37 related to depositions, the individual deposed either testified at trial, was deposed at the instance of Plaintiff or was listed as a witness by the Defendants. See (Dkt. 91, Attachments). The Court also does not find the deposition costs to be

unnecessary or unreasonable as it is apparent the depositions were obtained for use in this case. W&O, Inc., 213 F.3d at 620; Maris Distrb. Co., 302 F.3d at 1225.

Lastly, the Court does find that the $40.00 per day limit for witness fees permitted by Congress under 28 U.S.C. § 1920 to be applicable. See Maris Distrib. Co., 302 F.3d at 1225 ("But the Supreme Court has held that a district court abuses its discretion if it awards costs pursuant to Fed. R. Civ. P. 54 in excess of those permitted by Congress under 28 U.S.C. § 1920."). Defendants provide their expert is owed, according to 28 U.S.C. 1821(b), $40.00 for one day of testimony and $80.00 for the two days of travel time.[7] The Court agrees and finds Plaintiff shall be taxed $120.00 for the expert witness fees.

Accordingly, upon due consideration, it is hereby **ORDERED AND ADJUDGED:**

1. Defendants' Amended Motion to Tax Costs (Dkt. 91) is **GRANTED in part**.

2. The Clerk is directed to enter a Bill of Costs in Defendants' favor in the amount of $1,458.60 for the court reporter's transcription fee and $2,050.37 for costs incident to taking depositions. The Clerk is also directed to tax Plaintiff for expert fees in the amount of $120.00. The total summation of costs to be taxed is therefore $3,628.97.

3. Plaintiff's Motion to Strike Defendants' Amended Motion (Dkt. 95) is **DENIED as MOOT.**

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of September 2005.

copies:
Counsel of record

_____
JOHN H. MOORE II
United States District Judge

---

[7] 28 U.S.C. § 1821(b) provides:
> A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.